**The below described is SIGNED.**

(js)

**Dated: November 22, 2006**    *Glen E Clark*



GLEN E. CLARK
U.S. Bankruptcy Judge

---

*Prepared and Submitted By:*

Stephen W. Rupp, Trustee (2824)
**McKAY, BURTON & THURMAN**
Attorneys for Trustee
170 South Main Street, Suite 800
Salt Lake City, UT 84101
Telephone: (801) 521-4135
Telefax: (801) 521-4252

FILED IN THE
UNITED STATES
BANKRUPTCY COURT

2006 NOV 16  A 11: 43

DISTRICT OF UTAH
DEPUTY CLERK

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE

## DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| In re: | : | Bankruptcy No. 05-27292 GEC |
| RICKEY L. CURTIS, | : | (Chapter 7) |
| Debtor. | : | |
| STEPHEN W. RUPP, TRUSTEE, | : | Adversary Proceeding No. 05-2675 GEC |
| Plaintiff, | : | |
| -vs- | : | |
| RICKEY L. CURTIS, | : | |
| Defendant. | | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The above-referenced proceeding came on for trial before the Court on the 6th day of November, 2006. The Plaintiff appeared and presented evidence by way of exhibits, proffered testimony, and matters of record before the Court. The Defendant and Defendant's counsel failed

to appear. Having considered all matters presented, the Court makes the following findings of fact and conclusions of law.

1. The Defendant knowingly and fraudulently, in or in connection with the debtor's bankruptcy case, made a false oath or account concerning the following:

   (a) The debtor's 2005 year-to-date income as of date of petition, the debtor's 2004 income and the debtor's 2003 income.

   (b) The debtor's status of unemployment.

   (c) The sources of the debtor's income as of the date of petition and for the years 2003, 2004 and 2005 year-to-date as of date of debtor's petition.

   (d) The truthfulness and accuracy of the statement of financial affairs and schedules as declared under oath and as confirmed and declared under oath at the First Meeting of Creditors.

   (e) The debtor's business interests, including either sole proprietorship or self employment.

2. The debtor has knowingly and fraudulently, in or in connection with the debtor's bankruptcy case, withheld from an officer of the estate entitled to possession under the Bankruptcy Code recorded information, including books, documents, records and papers, relating to the debtor's property or financial affairs, including, though not limited to,

   (a) Full and complete copies of tax returns for 2000, 2001, 2002, 2003, 2004, including copies of 1099's, W-2's and other documents concerning the source of income of the debtor for those tax years.

   (b) Personal and business financial account statements from January 1, 2004 to December 30, 2005.

(c) Books and records concerning the debtor's receipt and disposition of incomes from January 1, 2004 through December 30, 2005.

(d) Communications with the Internal Revenue Service concerning the disposition of tax refunds and tax liabilities.

3. The Defendant had testified at the First Meeting of Creditors that he could "easily" produce copies of prepared and filed tax returns for 2001, 2002, 2003 and 2004 on or before two weeks after the First Meeting of Creditors, or June 9, 2005.

4. An Order Extending the Deadline for Filing Complaints Concerning the Debtor's Discharge and a Turnover Order was entered September 2, 2005 ordering the debtor to produce copies of prepared and filed tax returns for 2001, 2002, 2003 and 2004 to the Trustee on or before September 14, 2005. The Court order further provided that the debtor's failure to timely comply with such an order would be deemed a refusal to obey a lawful order of the Court under §727 of the Bankruptcy Code.

5. The debtor did not seek relief from the Turnover Order entered September 2, 2005.

6. The debtor/Defendant did not object to or contest the Trustee's motion for turnover order leading to the entry of the Turnover Order on September 2, 2005.

7. The debtor failed to produce copies of tax returns for 2001, 2002, 2003 and 2004 until December 13, 2005, well after the filing of the complaint in this adversary proceeding in which the Trustee contested the debtor's entitlement to a discharge due to the debtor's failure and refusal to timely obey the turnover order of the Court.

8. The Defendant has refused to obey a lawful order of the Court, specifically, that order entered September 2, 2005.

9.      The debtor's Schedule J indicates that the debtor's monthly budget is $2,380.00 per month or approximately $28,400.00 per year.

10.     The debtor's undisclosed income for year 2004 was over $101,000.00.

11.     The Defendant has failed to explain the disposition of income received by the debtor over and above that consumed by the debtor according to his budget, or approximately $72,000.00 for the year 2004.

12.     The Defendant has failed to explain satisfactorily any loss of assets or deficiency of assets, including income of the debtor for the year 2004, to meet the debtor's liabilities.

### CONCLUSIONS OF LAW

Having made the findings of fact as set forth above, the Court concludes as follows:

1.      The Defendant is not entitled to and is denied a discharge with prejudice under §727(a)(4)(A), §727(a)(4)(D), §727(a)(5) and §727(a)(6)(A) of the Bankruptcy Code.

*****END OF DOCUMENT*****

**CERTIFICATE OF SERVICE**
**CLERK OF THE COURT**

I hereby certify that a true and correct copy of the foregoing Findings of Fact and Conclusions of Law was mailed, postage prepaid, on the _____ day of November, 2006, to the following:

>Stephen W. Rupp, Trustee
>170 South Main Street, Suite 800
>Salt Lake City, UT 84101
>
>Rickey L. Curtis
>3755 South 3600 West
>West Valley City, UT 84119
>
>C. Michael Lawrence
>5681 South Redwood Road, No. 23
>Taylorsville, UT 84123

_____
Deputy Clerk

ka\pl\curtisr.fof